**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **DREW BRADFORD,** | : | |
| | : | **Civil Action No. 23-5123 (KM) (MAH)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE BOROUGH OF NEW** | : | |
| **PROVIDENCE, NEW PROVIDENCE** | : | |
| **POLICE DEPARTMENT, CHIEF DAN** | : | |
| **HENN, SERGEANT JASON LABASKA,** | : | **REPORT AND RECOMMENDATION** |
| **PAUL RIZZO, DON DIFRANCESCO** | : | |
| **LAW FIRM, KYLEE HEYMAN,** | : | |
| **NEW PROVIDENCE PUBLIC** | : | |
| **LIBRARY, LISA FLORIO,** | : | |
| **JEFF BRUDER, AND PAUL RIZZO,** | : | |
| | : | |
| **Defendants.** | : | |

I.    **INTRODUCTION**

This matter comes before the Court by way of Plaintiff *pro se* Drew Bradford's motion to remand to the Superior Court of New Jersey, Law Division, Morris County pursuant to 28 U.S.C. § 1447.[1]  *See* Mot. to Remand, Sept. 1, 2023, D.E. 4.  The Undersigned has considered the matter without oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth herein, the Undersigned respectfully recommends the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey, Law Division, Morris County.

---

[1] Plaintiff's motion papers refer to the instant motion as a "Motion to Vacate Removal."  However, for all intents and purposes, it is a motion to remand in accordance with 28 U.S.C. § 1447 and the Court will refer to it as such.

## II.    BACKGROUND

This civil action arises from disputes between Plaintiff and the Borough of New Providence regarding Plaintiff's use of civil services in the Borough including the police department and library.  *See* Notice of Removal, Ex. A, Compl., Aug. 18, 2023, D.E 1-2, at 4-13.  For example, Plaintiff claims that the Borough has denied him the ability to use the library to make copies and to call the police to make non-emergent complaints.  *Id.* at 4-13.  Plaintiff is proceeding *pro se* and commenced this action on April 26, 2023, in the Superior Court of New Jersey, Law Division, Morris County.  Mot. to Remand, Ex. B, Compl., D.E. 4-1, at 1 (bearing stamp indicating "Received & Filed Superior Court Morris County Civil Division 2023 April 26 A11:51").  He names as Defendants the Borough of New Providence, the New Providence Police Department, Police Chief Dan Henn, Sergeant Jason Labaska, Keylee Heyman, the New Providence Public Library, Lisa Florio, Jeff Bruder, and Paul Rizzo.[2]  *Id.* at 1.  Plaintiff brings claims for: (1) Breach of Contract; (2) Negligent Infliction of Emotional Distress; (3) Denial of Due Process; (4) Denial of Equal Protection under the Law; (5) Deprivation of Freedom of Speech and Federal Law re. Denial of Free Speech; (6) Terroristic Threats; (7) Assault and Battery; (8) Libel; and (9) Slander.  *Id.* at 12-20.

On August 18, 2023, Defendants removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1446(b).  Defendants assert that removal is proper because Plaintiff alleges violations of the United States Constitution, thereby conferring federal jurisdiction pursuant to 28 U.S..C. § 1331.  Notice of Removal, D.E. 1, ¶¶ 4-9; Notice of Removal, Ex. A,

---

[2]  Plaintiff also named as Defendant the Don DiFrancesco Law Firm but at the time of removal, that Defendant had not yet been served and thus was not required to provide consent to removal. Notice of Removal, ¶ 11.  For ease of reference, the Court will refer to the Removing Defendants as Defendants throughout but this does not include the Don DiFrancesco Law Firm.

Compl., D.E. 1-2, at 16-18.  Defendants claim they were served on July 21, 2023.  Notice of Removal, D.E. 1, at ¶ 2.

Plaintiff asserts Defendants were served on April 28, 2023, not July 21, 2023.  Accordingly, he asserts that Defendants' removal was untimely, and now moves to remand this action to state court.  Mot. to Remand, Cert. of Drew Bradford, D.E. 4, at ¶¶ 3-6.  Plaintiff also requests sanctions in the amount of $4,000 to compensate him for thirty-five hours of research, two trips to the UPS Store, one trip to the United States Post Office, and five missed doctor's appointments to oppose removal.  *Id.* at ¶ 7.

## III.  ANALYSIS

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Parties have a statutory right to removal if the district court would have had original jurisdiction by virtue of claims arising under the United States Constitution.  *Id.* § 1441(c)(A).  Removal from state court to federal court must occur within thirty (30) days of service.  *Id.* § 1441(e).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Id.*  Upon the removal of an action, a plaintiff may move to remand the matter back to state court based on "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  *Scott v. Estes Express Lines, Inc.*, No. 17-0963, 2017 WL 4268039, at *1 (D.N.J. Sep. 26, 2017) (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

## A. Untimely Filing of Notice of Removal

Under 28 U.S.C. § 1446(b), "if an initial pleading is removable, a defendant has thirty days after receipt of the initial pleading to file its notice of removal." *Peters v. Stop & Shop*, No. 13-6085, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013). If the removal procedure was defective, such as filing the notice of removal beyond thirty days, the Court can remand the matter pursuant to 28 U.S.C. § 1447(c). Any failure to file a notice of removal "within the statutory timeframe is sufficient grounds to remand an action to state court." *Id.*

The parties' dispute in the present motion revolves around one issue, *i.e.*, when Plaintiff served the Defendants.[3] Plaintiff contends that he served a copy of the summons and the complaint on Defendants on April 28, 2023. Mot. to Remand, Cert. of Drew Bradford, D.E. 4, at ¶ 3. Defendants contend they were served on July 21, 2023. Notice of Removal, D.E. 1, at ¶ 2. If Plaintiff is right, then removal on August 18, 2023 was improper and the case must be remanded because the removal procedure was defective. If Defendants are correct, then removal was proper, and the matter can remain in federal court.

This Court finds Defendants have failed to satisfy their burden of demonstrating that service was effected on July 21, 2023, and thus, that removal here on August 18, 2023 was proper. *See Steel Valley Auth.*, 809 F.2d at 1010. In opposition to Plaintiff's motion to remand, Defendants file an eight-paragraph certification from Defense counsel, Stefani C. Schwartz, Esq. Certification in Opposition, Sept. 18, 2023, D.E. 8. That Certification contains a single paragraph regarding why removal was timely on August 18, 2023:

> On August 18, 2023, I removed Plaintiff's Complaint to this Court pursuant to federal question jurisdiction. 28 U.S.C. § 1331(a) provides that District Courts have original subject matter jurisdiction over those cases "arising under the Constitution, laws, or treaties of the United

---

[3] Whether service was proper is not in dispute as Defendants fail to raise this issue.

States." This was timely filed as Removal was not due until August 21,
2023.

*Id.* ¶ 3.  But this single statement does nothing to support Defendants' position, or help them to carry their burden to demonstrate, that removal was timely on August 18, 2023.  It does not settle the question of when service of process was effected.  In fact, Defendants' opposition provides no indication of when they were served.  The July 21, 2023 service date on which Defendants' opposition relies is not mentioned at all in the certification in opposition to the instant motion.

Moreover, the record supports Plaintiff's contention that he effected service on April 28, 2023.  Specifically, the summons and complaint filed with the Notice of Removal both display a received stamp of April 28, 2023, reflecting that the Clerk's Office of the Borough of New Providence received the summons and complaint on April 28, 2023.  *See* Notice of Removal, Ex. A, D.E. 1-2, at 2-3.  And as noted earlier, Defendants do not argue that the service effected on April 28, 2023 was somehow improper.  Thus, the evidence before the Court shows that Plaintiff initiated this action on April 26, 2023 and served Defendants with the summons and complaint on April 28, 2023.  Mot. to Remand, Ex. A, Compl., D.E. 4-1, at 1; Mot. to Remand, Cert. of Drew Bradford, D.E. 4, at ¶ 3; Notice of Removal, Ex. A, Summons and Complaint, D.E. 1, at 2-3. Accordingly, removal on August 18, 2023 was improper since it was outside the thirty-day period. *See Peters*, 2013 WL 5781199, at *2.

It appears that Defendants' confusion in untimely removing this action on August 18, 2023 stems from the document they submit as Exhibit B in support of their removal.  *See* Notice of Removal, Ex. B, Proof of Service, D.E. 1-2, at 42.  Plaintiff filed a form proof of service of the summons and complaints with the Morris County Superior Court and served same on Defendants on July 21, 2023.  *Id.*  On that form, Plaintiff indicated that he served Defendants on April 28, 2023.  *Id.*  It might be that that when Defendants were served with the proof of service

on July 21, 2023, they mistakenly believed they were served with the summons and complaint for the first time on that date.  *See* Notice of Removal, D.E. 1, at ¶ 2 (citing to the proof of service at Exh. B, "The New Providence Defendants were served with the Complaint on July 21, 2023.").  However, this apparent mistake does nothing to help Defendants in meeting their burden of establishing they were served on July 21, 2023 rather than on April 28, 2023. Ultimately, removal statutes are to be strictly construed against removal and all doubts are to be resolved in favor of remand.  As such, the Court finds that Defendants have failed to meet their burden of demonstrating that service was effectuated on July 21, 2023 and thus removal was untimely.

### B.  Plaintiff's Request for Sanctions

Plaintiff requests sanctions in the form of costs because Defendants improperly removed this action.  Mot. to Remand, Cert. of Drew Bradford, D.E. 4, at ¶ 7.  This Court denies Plaintiff's request for sanctions because he does not indicate under what rule or statute he is seeking such sanctions.  *See Id.*  If this Court were to construe Plaintiff's request for costs as one for attorney's fees under § 1447(a), this Court would deny that request.

First, the law as to whether a pro se plaintiff who is not an attorney is entitled to attorney's fees remains unsettled.  *Compare Templeman v. Colsia*, No. 02-386, 2002 WL 31236395, at *3 (D.N.H. 2002) ("Ordinarily, pro se litigants cannot recover attorneys' fees because they have not paid for the services of an attorney"), *with Guttman v. Silverberg*, 374 F.Supp.2d 991, 993-94 (D.N.M. 2005) (citing various cases stating attorneys appearing pro se cannot be awarded attorney's fees, then declining to decide the issue of whether a non-attorney appearing pro se could receive attorney's fees because the court found the removal was not in bad faith).

Second, even if Plaintiff could obtain attorney's fees, this Court nonetheless would deny his request. This Court cannot find that Defendants' removal was objectively unreasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). As noted earlier, it appears that, on July 21, 2023, when Defendants did not respond to Plaintiff's state court complaint in a timely manner, Plaintiff served Defendants with a proof of service stating he served them with the complaint and summons on April 28, 2023. Notice of Removal, D.E. 1-2, Ex. B, Proof of Service, at 42. Defendants mistook the proof of service for the date of actual service. Thus, Defendants, albeit wrong, were not objectively unreasonable in removing the matter to federal court shortly because of their mistaken belief they were being served for the first time on July 21, 2023.

## IV.    CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends the District Court grant Plaintiff's motion and remand this action to Morris County Superior Court, Law Division. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

**Dated: October 18, 2023**

*s/ Michael A. Hammer*
**United States Magistrate Judge**
